United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES GREGORY CALLION,

    Plaintiff,

    v.

ANTIS ADAMS, et al.,

    Defendants.

Case No. 14-cv-03716-YGR (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(Dkt. 3)

    Plaintiff has filed a motion for appointment of counsel to represent him in this action.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

    The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103

1  (9th Cir. 2004).  Accordingly, the request for appointment of counsel is DENIED without
2  prejudice.  This does not mean, however, that the Court will not consider appointment of counsel
3  at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion
4  such that the Court will be in a better position to consider the procedural and substantive matters at
5  issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after
6  Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is
7  warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

This Order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated: September 18, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

P:\PRO-SE\YGR\CR.14\Callion3716DenyATTY.docx