UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GREGORY CALLION,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTIS ADAMS, et al.,<br><br>   Defendants. | Case No. 14-cv-03716-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE; GRANTING DEFENDANTS LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION**<br><br>Dkt. No. 42 |

## INTRODUCTION

Plaintiff, an inmate at R. J. Donovan Correctional Facility in San Diego, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His amended complaint is now before the Court for review under 28 U.S.C. § 1915A.[1]

## ANALYSIS

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] On September 29, 2016, the Court granted the summary judgment motion filed by defendants Drs. Adams, Dunlap, Bright, Mack, and Birdsong (collectively, the "CDCR Defendants"), and the summary judgment motion filed by defendant Dr. Palmer. Docket No. 38. The Court granted Plaintiff leave to file an amended complaint against the CDCR Defendants, alleging certain claims which Plaintiff raised for the first time in his opposition to the summary judgment motions. *Id.* The Court terminated Dr. Palmer from this action. *Id.*

1   § 1915A(b) (1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
2   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
3         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not
5   necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the
6   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
7   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
8   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
9   do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
10  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
11  proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.
12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
13  right secured by the Constitution or laws of the United States was violated; and (2) that the
14  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.
15  42, 48 (1988).
16  **B.  Legal Claims**
17        Plaintiff makes the following allegations in his amended complaint.  From April 2012
18  through October 2015, Plaintiff's primary care physicians were Drs. Birdsong and Mack.  Docket
19  No. 39 at 5.  In June 2012, Plaintiff was diagnosed with an MRSA infection from a small bump on
20  the left side of his buttock.  *Ibid*.  Plaintiff alleges that Drs. Adams, Dunlap, Bright, Mack, and
21  Birdsong (collectively, the "CDCR Defendants") withheld this information from him.  *Id.* at 7.
22  Plaintiff states that he was first informed of his MRSA infection in August 2015 by Dr. Mack.  *Id.*
23  at 6.  Plaintiff agreed to, and underwent, two fistulotomies between January 2015 and August
24  2015, without knowledge of his MRSA condition.  *Id.* at 6.  Plaintiff states he would not have
25  consented to the fistulotomies if he had known of his MRSA condition, and that he was unable to
26  provide informed consent to the fistulotomies because the CDCR Defendants failed to provide him
27  with relevant medical information.  *Id.* at 6–7.
28        The Ninth Circuit has held that the due process clause of the Fourteenth Amendment

"protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently." *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) (citing *Riggins v. Nevada*, 504 U.S. 127, 134 (1992) and *White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990)); *see also White*, 897 F.2d at 113 ("A prisoner's right to refuse treatment is useless without knowledge of the proposed treatment. Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting."). Liberally construed, Plaintiff's allegations state a cognizable claim that Drs. Birdsong and Mack violated Plaintiff's right under the Fourteenth Amendment to receive sufficient information to intelligently exercise his right to refuse unwanted medical treatment.

However, Plaintiff has not stated a claim against Drs. Dunlap, Bright, or Adams. A person deprives another "'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* There is also no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In other words, in order to allege facts sufficient to show a jurisdictional basis for imposing liability on a defendant, a plaintiff must allege facts to show that (1) the defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the defendant, in a supervisory capacity, failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which defendant was responsible, *see id.*; or (4) the defendant knew of the

3

alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045.

Plaintiff has made no specific allegations regarding Drs. Dunlap, Bright or Adams in his amended complaint. His general allegation that "all CDCR Defendants withheld [his MRSA diagnosis]" from him, Docket No. 39 at 7, is too vague and speculative to state a cognizable claim against Drs. Dunlap, Bright and Adams. Accordingly, Drs. Dunlap, Bright, and Adams are DISMISSED from this action. However, Plaintiff is granted leave to amend his claims against Drs. Dunlap, Bright, and Adams to correct the identified deficiency, if he can truthfully do so. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). If Plaintiff chooses to replead his claims against Drs. Dunlap, Bright, and Adams, he must plead factual allegations that allows the Court to draw the reasonable inference that Drs. Dunlap, Bright, and Adams either (1) deprived Plaintiff of a constitutional right, or (2) failed to adequately supervise or train their subordinates, or (3) were responsible for a custom or policy that resulted in the deprivation of Plaintiff's constitutional right, or (4) knew of the alleged misconduct and failed to act.

## CONCLUSION

1. If Plaintiff chooses to replead his claims against Drs. Dunlap, Bright, and Adams to cure the pleading deficiency described above, he shall file a SECOND AMENDED COMPLAINT within twenty-eight (28) days from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 14-3716 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is advised that he must state facts in the second amended complaint about each defendant's actions that are sufficient to present a plausible claim that each defendant violated his rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Failure to file an amended complaint by the deadline will result in the dismissal of Drs. Dunlap, Bright, and Adams from this action with prejudice.

2. The CDCR Defendants have filed an administrative motion for leave to file a second summary judgment motion. Docket No. 42. This motion is GRANTED. The Court sets forth a briefing schedule below.

4

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **60 days** from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

   If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

1  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

2  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

3  as provided in [current Rule 56(c)], that contradict the facts shown in Defendants' declarations and

4  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

5  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

6  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v.

7  Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).[3]

8       5. All communications by Plaintiff with the Court must be served on Defendants'

9  counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard

10  any document which a party files but fails to send a copy of to his opponent.

11       6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

12       7. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

13  Court informed of any change of address and must comply with the Court's orders in a timely

14  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

15  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

16  pending case every time he is moved to a new facility.

17       8. Any motion for an extension of time must be filed no later than the deadline sought

18  to be extended and must be accompanied by a showing of good cause.

19       9. Plaintiff is cautioned that he must include the case name and case number for this

20  case on any document he submits to the Court for consideration in this case.

21  This order terminates Docket No. 42.

22  **IT IS SO ORDERED.**

23  Dated: 12/15/2016

24   

25  HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] The *Rand* notice a does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939.