UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GREGORY CALLION,<br><br>           Plaintiff,<br><br>    v.<br><br>ANTIS ADAMS, et al.,<br><br>           Defendants. | Case No. 14-cv-03716-HSG<br><br>**ORDER DENYING REQUEST FOR ENTRY OF SEPARATE JUDGMENT**<br><br>Re: Dkt. No. 53 |

Plaintiff, a California prisoner currently incarcerated at R.J. Donovan Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Now pending before the Court is Dr. Palmer's motion for entry of judgment. Docket No. 53. For the reasons set forth below, this motion is DENIED.

**BACKGROUND**

In his complaint, Plaintiff alleges that Dr. Barron Palmer, a surgeon employed by the County of Monterey, and Salinas Valley State Prison doctors Birdsong, Mack, Bright, Dunlap, and Adams (collectively, the "CDCR Defendants") were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Docket No. 1. On September 29, 2016, the Court granted the separate summary judgment motions filed by Dr. Palmer (Docket No. 26) and by the CDCR Defendants (Docket No. 29). Docket No. 38. The Court granted Plaintiff leave to file an amended complaint against the CDCR Defendants, finding that, in his opposition to the summary judgment motions, Plaintiff had stated a cognizable Fourteenth Amendment claim and two cognizable state-law claims against the CDCR Defendants. Id. at 22–23. The Court found that Plaintiff had not stated any new cognizable claims against Dr. Palmer, and terminated Dr. Palmer from this action. Id. at 32. This action continues against the CDCR Defendants.

**ANALYSIS**

Dr. Palmer requests that the Court enter judgment in his favor in a separate document pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, based upon the Court's previous order granting Dr. Palmer's motion for summary judgment. Docket No. 53. Pursuant to Rule 58, "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). However, because the Court has not reached a final judgment with respect to the CDCR Defendants, Dr. Palmer's request is governed by Rule 54(b). Rule 54(b) provides that "[w]hen multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court has cautioned that "sound judicial administration does not require that Rule 54(b) requests be granted routinely." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Dr. Palmer has not informed the Court of any pressing needs that compel an early and separate judgment, nor is the Court aware of any reason compelling an early and separate judgment in favor of Dr. Palmer. In addition, Plaintiff's status as a *pro se* incarcerated litigant is a just reason to delay entry of judgment in favor of Dr. Palmer. A litigant has thirty days after the entry of the judgment to appeal an order. Fed. R. App. P. 4(a)(1). The entry of judgment for Dr. Palmer prior to the resolution of this action would result in piecemeal appeals of this action, and would also require Plaintiff to appeal the summary judgment order in favor of Dr. Palmer while still litigating this action in this Court. Accordingly, the Court DENIES Dr. Palmer's request for an entry of a final judgment in his favor at this time. The Court will issue a final judgment in favor of Dr. Palmer when the Court has reached a final judgment with respect to all parties in this action.

//

//

**CONCLUSION**

For the foregoing reasons, Dr. Palmer's request for entry of judgment is DENIED. This order terminates Docket No. 53.

**IT IS SO ORDERED.**

Dated: 2/17/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge