UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GREGORY CALLION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD BIRDSONG, et al.,<br><br>Defendants. | Case No. 14-cv-03716-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 63 |

Plaintiff, a California prisoner currently incarcerated at R.J. Donovan Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's request for appointment of counsel. Dkt. No. 63. For the reasons set forth below, this request is DENIED.

Plaintiff requests limited appointment of counsel for the sole purpose of identifying Dr. Birdsong's successor or representative so that he may continue this action against Dr. Birdsong. Plaintiff argues that exceptional circumstances exist that warrant appointment of counsel. Specifically, Plaintiff states that prison officials will refuse to provide him with this information because of prison safety and security concerns, Dkt. No. 63 at 1, and that it is impossible for him to obtain this information without assistance of counsel, id. at 2.

The decision to appoint counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" as to the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d

1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither the need for discovery nor the fact that the *pro se* litigant would be better served with the assistance of counsel necessarily makes the issues involved complex. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc) (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough).

The Court finds that Plaintiff's situation does not constitute the type of exceptional circumstances that warrant appointment of counsel. The Court notes that Plaintiff has ably articulated his claims throughout this litigation. He has filed multiple pleadings that have clearly set forth his claims. Plaintiff's incarcerated status and its accompanying limitations on gathering information do not constitute exceptional circumstances. *Cf. Rand*, 113 F.3d at 1525 (test for appointment of counsel is not whether plaintiff would have fared better in securing discovery; rather plaintiff "must show that because of the complexity of the claims he was unable to articulate his positions"). Also, the information sought by Plaintiff is unrelated to the legal merits of this action. The CDCR is not more likely to release Dr. Birdsong's home address because the request is made by counsel for Plaintiff rather than by Plaintiff himself. Plaintiff's request would require court-appointed counsel to perform the function of a private investigator. It is Plaintiff's responsibility, and not the Court's, to locate Dr. Birdsong's successor or representative. *Cf. Cramer v. Target Corp.*, No. 1:08-CV-1693-OWWSKO, 2010 WL 1849908, at *2 (E.D. Cal. May 6, 2010) (*pro se* plaintiff responsible for determining mailing address of Target's former employee so that the U.S. Marshal could effect service; neither Target nor the U.S. Marshal has a duty to investigate where defendant might be located).

//
//
//

1  For the foregoing reasons, Plaintiff's request for appointment of counsel is DENIED.
2  This order terminates Dkt. No. 63.
3  **IT IS SO ORDERED.**
4  Dated:  3/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge